prayer for relief, that the plaintiff has only a remedy at law, there it is proper to interpose such a defense to enable the plaintiff to avail himself of that plea. But where, as here, upon an examination of the complaint it is certain, from the facts alleged and the prayer for judgment, that what the plaintiff seeks, and what he is entitled to obtain, if anything, is equitable relief, then in such a case a defense that he has an adequate remedy at law cannot be interposed, because, as a defense, it is insufficient in law.

Our conclusion is that the demurrer was improperly overruled, and that the judgment appealed from should accordingly be reversed, with costs, and the demurrer sustained, with costs, and with leave to the defendant to plead over upon payment of costs in this court and in the court below. All concur.

(89 App. Div. 590.)

GOLDKRANZ v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. STREET RAILROADS—DRIVERS OF VEHICLES—INJURIES AT CROSSINGS—CONTRIBUTORY NEGLIGENCE.

Where the driver of a vehicle approached a street railway crossing at right angles at a high rate of speed, and, before attempting to cross, he saw the car by which he was struck coming, but made no effort to stop or avoid the car, thinking he had time to get across the track in front of the car, he was guilty of such contributory negligence as precluded recovery for his injuries.

2. SAME—NEGLIGENCE OF RAILWAY COMPANY.

Where in an action for injuries to the driver of a wagon while attempting to cross a street car track in front of a car, there was no evidence that when plaintiff drove on the track the motorman could have stopped the car, or that it was then at such a distance from the wagon that it was possible to stop it, a verdict finding that defendant was negligent was not sustainable.

Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Joseph Goldkranz against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Bayard H. Ames, for appellant.
Henry W. Unger, for respondent.

INGRAHAM, J. On the morning of September 23, 1900, the plaintiff, who was driving a wagon to the Cortlandt Street Ferry, proceeded from Broadway along Cortlandt street to the ferry. He testified that when he reached Church street, upon which the defendant operates a railway, he stopped, and looked up and down; that he then saw a car coming down at a speed of about five miles an hour, about half a block away from him; that he thought he could pass without being struck, but that the car came at full speed and struck

his hind wheel; that he was thrown off the wagon on Church street, and received injuries for which he has recovered a judgment; that when he was struck his wagon was going about five or six miles an hour. Upon cross-examination he testified that he was driving to catch the 2:10 boat with a bundle of newspapers that had not been taken by a previous wagon; that he did not stop when he got down to Church street; that he did not change his speed at all going down Cortlandt street, driving five or six miles an hour all the way down; that there was no other vehicle in the street; that he did not remember whether the car was right upon him when he saw it coming down; that he did not really know how far he was from Church street when he first saw the car, but that after he got into Church street and passed the line of the elevator stairs he saw the car; that he had partly gotten across the uptown track when he saw the first car; that he was going fast, and could have stopped his horse and let the car go by, but, instead of doing that, he thought he could get over and clear the car. Upon redirect examination he testified that he was going down Cortlandt street; that he got near the corner; that he looked up, and did not see anything; that he looked down, and saw a car coming about a half block away; that he thought he could pass it without getting struck; that it was a downtown car going to South Ferry, coming from uptown, and that he had got to about the first track when, he looked uptown and saw the car. The plaintiff also called a witness who was in the street at the time of the accident, and who testified that he was coming from New Jersey, and going towards the Brooklyn Bridge, walking on the uptown side of Cortlandt street; that as he approached Church street he heard a car coming in the distance; that he crossed Church street, and saw a World wagon driving down Cortlandt street towards the ferry from Broadway; that the wagon was going six or seven miles an hour; that he stood on the corner, and saw the wagon crossing Church street, and the car hit him; that the car was going at a pretty rapid rate of speed; that he heard no bell rung; that the car struck the wagon between the two wheels. Upon cross-examination the witness said that the car first attracted his attention; that when he got to the corner of Church street he first saw the car that was at that time about a block away; that at that time the wagon was up Cortlandt street about half a block, so that the car was a block away, and the wagon about half a block; that, after the witness crossed the street and got on the northeast corner, he stood for a moment and turned around to watch what was going to happen; that he saw the wagon coming down pretty fast, and the car coming at a pretty fair speed; that it then occurred to him that there would be an accident, seeing the two objects there so close, and neither one slowing up; that there were no lights on the wagon, but that lights were on the car; that the driver of the wagon did not change his speed; that he went on at the same pace all the way; that the wagon was in plain view, and the driver drove right ahead at the same speed, looking straight ahead, and the result was that the two came together, and the driver was thrown out; that when the horse and wagon got to the first car track, going down Cortlandt street, the car had got nearly

to Cortlandt street; that the car was right opposite the witness on the corner.

Upon this evidence the case was submitted to the jury, the defendant offering no evidence. We think there was no evidence to justify a finding that the plaintiff was free from contributory negligence. He drove down the street at a fast rate right in front of the approaching car. He saw the car coming, and made no effort to stop or avoid the car. He says he thought he could get over in time, but in this he was mistaken, and it was this mistake that caused the accident. Nor does the evidence sustain the finding that the defendant was negligent. There is no evidence to show that, when the plaintiff drove upon the track in front of the approaching car, the motorman could have stopped the car to avoid the accident, or that the car was then at such a distance from the wagon that it was possible to stop it. It therefore appears that the plaintiff was grossly negligent in driving in front of this rapidly approaching car, when, according to his own story, he could have stopped his wagon and allowed the car to pass. The car was brilliantly lighted; the plaintiff was carrying no lamp or light of any kind; it was 2 o'clock in the morning; and in the absence of evidence to show that the car was in such a condition that the motorman could have stopped it after the plaintiff drove upon the track, or was in a position of danger, and thus avoid the collision, there was no ground for a charge of negligence against the defendant.

It follows that the judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except LAUGHLIN, who dissents.